UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NAPERVILLE SMART METER AWARENESS, )
an Illinois not-for-profit corporation, MARGARET )
MARY WOOD, SCOTT J. DERENGOWSKI, )
KIMBERLEY WELLS HAMILTON, JO MALIK, )
JENNIFER STAHL, TOM GLASS, KIM BENDIS, )
GLENN A. MENDOZA, and AMANDA RYKOV, )   Case No. 11-cv-9299
)
    Plaintiffs, )   Honorable Edmond E. Chang
)
v. )
)
CITY OF NAPERVILLE, )
)
    Defendant. )

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

The Plaintiffs, NAPERVILLE SMART METER AWARENESS, MARGARET MARY WOOD, SCOTT J. DERENGOWSKI, KIMBERLEY WELLS HAMILTON, JO MALIK, JENNIFER STAHL, TOM GLASS, KIM BENDIS, GLENN A. MENDOZA, and AMANDA RYKOV, by and through their attorney, Doug E. Ibendahl, respectfully move pursuant to Fed. R. Civ. P. 65 for a preliminary injunction in the above-captioned case.

As further set forth in the Memorandum filed in support of this Motion, the Defendant, the City of Naperville (the "City"), is rushing forward with the installation of so-called "smart meter" devices throughout the municipality despite a multitude of serious health, safety, and privacy concerns – some of which involve apparent constitutional and statutory violations. Plaintiffs' First Amended Complaint for Injunctive Relief ("Amended Complaint") seeks a judgment requiring the City to suspend all smart meter installations until reasonable safeguards are in place and until common sense alternative options for customers are made available.

1

Pending entry of such a judgment, the Plaintiffs seek through this motion for preliminary injunction to require the City to take immediate action to abate the harm and to minimize the risk that Plaintiffs and all other residents of Naperville, Illinois will suffer potentially irreparable injury as a result of smart meter installations.

This Court represents Plaintiffs' only hope for relief. The electric utility at issue is wholly owned and run by the City. Am. Compl. ¶ 21. As there are no investors, the City is not subject to regulation by the Illinois Commerce Commission. Similarly, the Citizens Utility Board is only empowered by state law to help customers of investor-owned utilities. Am. Compl. ¶ 22.

The City's governing body is its City Council, comprised of eight Councilmen and a Mayor (the "City Council"). Am. Compl. ¶ 19. The City Council is the only oversight board to which Plaintiffs and other electric customers within the municipality can go to with concerns regarding their electric service. Multiple Plaintiffs have done exactly that. For over a year, Plaintiffs and other Naperville residents have attended nearly every meeting of the City Council to ask questions and to respectfully voice their concerns about smart meter installations. Unfortunately, Plaintiffs were too often greeted with ridicule and disrespect from their own public servants. Am. Compl. ¶ 59, 60. And as discussed in the Amended Complaint, when Plaintiffs attempted to place a non-binding referendum addressing smart meters on the municipality's March 20, 2012 Primary Election Ballot, City resources and personnel were utilized to recruit an objector and to lead the political activity in opposition to ballot access. Am. Compl. ¶ 69.

As described in the Amended Complaint, when citizens in other states have been able to take nearly identical concerns involving smart meters to a state regulator, such citizens have won relief. The overwhelming and growing trend from other states is that customers who so choose

2

are allowed to keep an analog meter, and are not forced to pay a punitive fee. Am. Compl. ¶¶ 98 – 114. The City stands as an outlier with respect to smart meter policy, and the City's treatment of its own citizens has become unreasonable.

## REQUEST FOR RELIEF

For the reasons set forth above and in the accompanying Memorandum filed in support of this Motion, Plaintiffs respectfully request that this Court:

1. Enter a preliminary injunction requiring the City to allow any electric customer to decline the installation or use of a smart meter and permit any such electric customer, upon such customer's request, to retain an analog meter at no additional cost to the customer, until such time as the Court resolves the merits of this action.

2. Enter a preliminary injunction requiring the City to uninstall, upon an electric customer's request, such requesting customer's smart meter and to replace said smart meter with an analog meter at no additional cost to the customer, until such time as the Court resolves the merits of this action.

3. Grant the Plaintiffs such other relief as the Court determines just and proper.

Dated this 13th day of April 2012.

Respectfully submitted,

By: s/ Doug E. Ibendahl
Doug E. Ibendahl, ARDC No.: 6229474
165 N. Canal Street, Suite 1215
Chicago, Illinois 60606-1404
Tel: 312-648-0061
Email: dibendahl@mail.com
ATTORNEY FOR PLAINTIFFS