IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Naperville Smart Meter Awareness,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 11 C 9299 |
| v. | ) |
| | ) **Magistrate Judge** |
| | ) **Jeffrey T. Gilbert** |
| **City of Naperville,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant City of Naperville's Motion to Stay Further Discovery [ECF No. 148] is granted. Plaintiff Naperville Smart Meter Awareness's Motion to Compel [ECF No. 153] is denied without prejudice. See Statement below for further details and discussion.

## STATEMENT

This matter is before the Court on Defendant City of Naperville's Motion to Stay Further Discovery [ECF No. 148]. Defendant seeks a stay of discovery pursuant to Federal Rule of Civil Procedure 26(c) because it has filed a Motion for Summary Judgment [ECF No. 146] and a Motion for Judgment on the Pleadings [ECF No. 169] before the District Judge, and both Motions [ECF Nos. 146, 169] are fully briefed and awaiting resolution. Decisions on those Motions potentially are dispositive of the entire case.

Federal Rule of Civil Procedure 26(c) provides in relevant part that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." FED. R. CIV. P. 26(c). District courts have broad discretion in controlling discovery. *In re Sulfuric Acid Antitrust Litigation,* 231 F.R.D. 331, 336 (N.D. Ill. 2005). Pursuant to Federal Rule of Civil Procedure 26(c) and (d), a court may limit the scope and sequence of discovery. *Id.* "In deciding whether to enter . . . a stay, courts consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *See generally Pfizer Inc. v. Apotex Inc.,* 640 F.Supp.2d 1006, 1007 (N.D. Ill. 2009).

The Court finds that a stay of discovery is warranted under the particular circumstances of this case. The parties have completed written discovery in this case. Most of the documents requested in discovery have been produced except certain potentially privileged documents that Defendant has withheld that are the subject of Plaintiff's Motion to Compel [ECF No. 153]. Thus, with the exception of the documents at issue in Plaintiff's Motion to Compel [ECF No. 154], only oral discovery remains. At this stage in the litigation, the Court finds that further discovery in this case before the pending Motions are resolved potentially would be futile or unnecessary and would increase the burden of litigation on the parties and the Court. Moreover, resolution of the Motions [ECF Nos. 146, 169] very well could simplify the issues in question, if the Motions are not granted or denied completely, and streamline the trial. In addition, there is no indication that Plaintiff will be unduly prejudiced by a stay of discovery. There is no trial date set in this case, and the parties will be given ample time to complete any outstanding discovery.

Accordingly, Defendant City of Naperville's Motion to Stay Further Discovery [ECF No. 148] is granted. Because discovery is stayed pending resolution of Defendant's Motion for Summary Judgment [ECF No. 146] and Motion for Judgment on the Pleadings [ECF No. 169], Plaintiff Naperville Smart Meter Awareness's Motion to Compel [ECF No. 153] is denied without prejudice and may be re-filed, if this case remains pending after the District Judge rules on the dispositive motions.

It is so ordered.

Dated: March 3, 2016

Jeffrey T. Gilbert
United States Magistrate Judge